USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/3/2019

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KERIN NEWTON,<br><br>      Plaintiff,<br><br>vs.<br><br>DISNEY CONSUMER PRODUCTS, INC. and ROCKLOVE JEWELRY LLC,<br><br>      Defendants,<br><br>L.A. GEM & JEWELRY DESIGN, INC.,<br><br>      Intervening Defendant. | Case No. 1:19–cv–02872 (VM) (SN)<br>**STIPULATION AND PROTECTIVE ORDER** |

1. In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom (hereinafter "Discovery Material"), as "Confidential" or "Confidential – Attorneys' Eyes Only" under the terms of this Stipulated Protective Order (hereinafter "Order"). The party producing such Discovery Material may designate as "Confidential" or "Confidential – Attorneys' Eyes Only" only such portion(s) of material that constitutes trade secrets or other confidential research, development, financial or commercial information, specifically including but not limited to information regarding the parties' respective products at issue and further including but not limited to confidential sales, financial, customer, vendor, technical, and/or proprietary information.

For purposes of this Order, "Confidential" information or documents and "Confidential Attorneys' Eyes Only" information or documents (hereinafter "Confidential Material") shall be and are hereby defined as any document produced or made available or otherwise obtained by the parties in connection with discovery in this proceeding, any deposition or trial testimony, or any information disclosed provided that such Confidential Material is so designated by a party in the manner provided by this Order. A claim of "Confidential" or "Confidential–Attorneys' Eyes Only" must be made in good faith.

2. Confidential Material shall be so designated by stamping or otherwise inscribing on copies of the document produced to a party with the legend "Confidential" or "Confidential Attorneys' Eyes Only." Stamping or otherwise inscribing the legend "Confidential" or "Confidential–Attorneys' Eyes Only" on the cover of any multiple page document shall designate all pages of the document as confidential provided that the number

of pages of the multiple page document is stamped or otherwise inscribed adjacent the legend "Confidential" or "Confidential Attorneys' Eyes Only."

      3.      Testimony taken at a deposition, conference, hearing or trial may be designated as "Confidential" or "Confidential – Attorneys' Eyes Only" by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as "Confidential" or "Confidential – Attorneys' Eyes Only," and to label such portions appropriately.

      4.      The transcript of any deposition and all exhibits or attachments shall be automatically designated as "Confidential – Attorneys' Eyes Only" until fifteen (15) calendar days following the transcript of the deposition becoming available. During such 15–day period, either party may further designate the portions of the transcript, and any specific exhibits or attachments that are to be treated as Confidential Material and inform the other party in writing of such designation. Appropriate stampings or markings should be made during this time by each party to the transcript and/or exhibits and/or attachments. If no such additional designations are made within such 15-day period, then the non–designated portions of the transcript and exhibits will be considered non–Confidential Material.

      5.      Confidential Material designated as "Confidential" or "Confidential–Attorneys' Eyes Only" under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from Confidential Material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall be used only for the purpose of this action and for no other purpose.

6. In accordance with the terms of this Order, Confidential Material designated as "Confidential" and produced pursuant to this Order may be disclosed or made available only to (i) the Court, (ii) counsel of record in this action for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and (iii) to the "Qualified Persons" as designated below and who comply with Paragraph 8 below:

    (a) a party, an officer, director, or employee of a party deemed necessary by counsel of record to aid in this action;

    (b) a party's outside and inhouse counsel deemed necessary by counsel of record to aid in this action;

    (c) experts, provided such expert shall not be an officer, employee or otherwise similarly engaged with a party or a competitor of the producing party;

    (d) court personnel, stenographic reporters, and court reporter(s) employed in this action;

    (e) a witness at any deposition or other proceeding in this action may be shown material designated as being "Confidential" of the party with whom the witness is affiliated or material designated as being "Confidential" on which the witness was copied or was otherwise previously aware; and

    (f) any other person as to whom the parties in writing agree.

In accordance with the terms of this Order, the parties may also designate certain Confidential Material of a highly confidential and/or proprietary nature as "Confidential – Attorneys' Eyes Only" ("Attorneys' Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorneys' Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel of record in this action for the parties (including the paralegal, clerical, and

secretarial staff employed by such counsel), and to the "Qualified Persons" listed in subparagraphs 6(b)–(f) but shall not be disclosed to a party, or to an officer, director, or employee of a party, unless otherwise agreed in writing or ordered. If disclosure of Attorneys' Eyes Only Material is made pursuant to this paragraph, all other provisions in this Order with respect to confidentiality shall also apply.

7. Before Confidential Material can be disclosed to Qualified Persons under paragraph 6(c) above, written notice of an intention to disclose, identifying such qualified person's name and address, must be given to the party's attorney who provided the Confidential Material, and there must be at least five (5) business days after the receipt of the notice before such qualified person is provided with the Confidential Material to allow the party which provided the Confidential Material to object, in good faith, to the disclosure.

8. Prior to receiving any Confidential Material, each "Qualified Person" under paragraph 6(a), (b), (c), (e) and (f), shall be provided with a copy of this Order and shall execute a non–disclosure agreement in the form of Attachment "A" and a copy of the signed nondisclosure agreement shall be retained in counsels' files.

9. This Order shall not be construed to prevent any party from making use of or disclosing Confidential Material that:

    (a) was lawfully in that party's possession and not under obligation of secrecy with respect to such information prior to receipt of such information from a producing party;

    (b) becomes lawfully known to that party in a manner that does not violate the provisions of this Order; or

(c) was or is hereafter lawfully obtained from a source or sources other than the producing party, provided that such source(s) is not under an obligation of secrecy with respect to the producing party.

10. If Confidential Material, including any portion of a deposition transcript designated as "Confidential" or "Confidential – Attorneys' Eyes Only" is included in any papers to be filed in Court, such papers shall be labeled "Confidential – Subject to Court Order" and submitted to the Court until further order of this Court. Before any document is filed under seal the parties must make an application to the Court pursuant to Judge Sarah Netburn's Individual Rules of Practice in Civil Cases.

11. In the event that any Confidential Material is used in any Court proceeding in this action, subject to Court approval, it shall not lose its confidential status through such use, and the party using such Confidential Material shall take all reasonable steps to maintain its confidentiality during such use.

12. Any claim of confidentiality shall be made at the time the document or copy thereof is produced. In the event materials are produced or testimony provided in this action which, in a party's opinion, should have been, but were not, designated as "Confidential" or "Confidential – Attorneys' Eyes Only" such party may designate such material as "Confidential" or "Confidential – Attorneys' Eyes Only" by notifying counsel for all parties of this designation as soon as practicable. Upon receipt of such notification, all parties shall treat such materials as "Confidential" or "Confidential – Attorneys' Eyes Only" and shall attempt to recall all materials distributed in any way that would have been inconsistent with the terms of this Order had such documents earlier been designated "Confidential" or "Confidential – Attorneys' Eyes Only." Inadvertent or unintentional failure by a producing party to designate specific documents or

materials as containing Confidential Material shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to such documents or materials.

13. A party objecting to the disclosure under paragraph 7 above or to the designation of a document or information as "Confidential" or "Confidential – Attorneys' Eyes Only" must so notify opposing counsel in writing, setting forth the reasons supporting such objection. Counsel for the party seeking disclosure to qualified persons under paragraph 6(c) or designation of a document or information as "Confidential" or "Confidential – Attorneys' Eyes Only" shall respond in writing within five (5) business days of receipt of such notification by either (i) withdrawing such qualified persons or such designation with respect to such "Confidential" or "Confidential – Attorneys' Eyes Only" document, thing, material, testimony or other information derived therefrom, or (ii) stating that it refuses to do so and the reasons for its refusal. Upon receipt of a notification of such a refusal, application may be made to the Court for an order seeking disclosure to such qualified person or removing the designation of the particular "Confidential" or "Confidential – Attorneys' Eyes Only" document, thing, material, testimony or other information derived therefrom, in question. The burden is on the party producing the Confidential Material to establish the confidentiality of the documents or information. Until the issue is finally determined by the Court, the Confidential Material shall not be disclosed to such Qualified Persons and shall be treated as "Confidential" or "Confidential – Attorneys' Eyes Only" as provided in this Order.

14. If a document includes Confidential Material in addition to other information, and the Confidential Material is subsequently redacted by the producing party, after production of the document by the producing party, the remainder of the document may be treated as if no Confidential Material existed in the document.

15. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

16. This Order is entered solely for the purpose of facilitating the exchange of documents and information among the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

17. This Order shall not be construed as a waiver of any party's right to object to the disclosure of documents or information, whether during discovery or at trial, on the grounds that such documents or information are privileged, attorney work product, not relevant to the subject matter of the action, or otherwise beyond the scope of permissible discovery or admissible evidence at trial. The taking of, or failure to take, any action to enforce the provisions of this Order, or the failure to object to any designation or any such action or omission, will not constitute a waiver of any right to seek and obtain protection or relief, other than as specified in this Order, of any claim or defense in this action or any other action, including but not limited to, any claim or defense that any information:

(a) is or is not relevant, material, or reasonably calculated to lead to the discovery of admissible evidence, or a privileged communication, or work product of counsel, or otherwise discoverable;

(b) is or is not confidential or proprietary to any party; or

(c) embodies or does not embody trade secrets or confidential research, development, or commercial information of any party.

18. Nothing in this Order shall be construed as an admission or agreement that any specific information is or is not confidential, subject to discovery, relevant, or admissible evidence in this litigation.

19. The terms of this Order may be invoked by non–parties that are called upon to provide discovery in this case. The parties to this case may also invoke the terms of this Order on behalf of any non-party called upon to provide discovery in this case.

20. In the event additional parties join or are joined in this Action, they shall not have access to Confidential Material until the newly-joined party or its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Order or an alternative Protective Order entered by the Court.

21. If any party in receipt of Confidential Material (a) is subpoenaed in another action, or (b) is served with a demand in another action to which it is a party, or (c) is served with any legal process by one not a party to this Action, seeking discovery of documents or information which was produced or designated as "Confidential" or "Confidential – Attorneys' Eyes Only" by someone other than the receiving party, the receiving party shall give prompt actual written notice, by hand or facsimile transmission, as soon as reasonably possible, to opposing counsel, to those who produced or designated the "Confidential" or "Confidential –

Attorneys' Eyes Only" material and shall object to its production to the extent permitted by law. Should the person seeking access to the Confidential Material take action against the receiving party or anyone else covered by this Order to enforce such a subpoena, demand or other legal process, the receiving party shall respond by setting forth the existence of this Order. Nothing herein shall be construed as requiring the receiving party or anyone else covered by this Order to challenge or appeal any Order requiring production of Confidential Material covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or Order, or to seek any relief from this Court.

22. This Order shall survive the final termination of this action to the extent that the information designated as Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of documents or information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all Confidential Material produced in discovery, including but not limited to documents, material, and deposition transcripts designated as "Confidential" or "Confidential – Attorneys' Eyes Only" and all copies of same, and shall destroy all working copies, abstracts, digests, or other analyses derived in whole or in part from the Confidential Material produced during discovery, or counsel for either party may provide a written certification that all Confidential Material has been destroyed.

Dated: November 22, 2019
    Los Angeles, CA

Respectfully submitted,

 S/ Milord A. Keshishian_____
Milord A. Keshishian
MILORD & ASSOCIATES, P.C.
10517 West Pico Boulevard
Los Angeles, CA 90064
Tel: (310) 226–7878
Fax: (310) 226–7879
E–mail: milord@milordlaw.com

*Attorneys for Defendants Disney Consumer Products, Inc. and L.A. Gem & Jewelry Design, Inc.*

Dated: November 22, 2019
    Valley Stream, NY

 S/ James Freeman_____
James Freeman
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Ste 305
Valley Stream, NY 11580
Tel: (516) 233–1660
E–mail: JF@liebowitzlawfirm.com

*Attorneys for Plaintiff Keri Newton*

Dated: November 23, 2019
    New York, NY

 S/ Andrew Gerber_____
Andrew Gerber
Kushnirsky Gerber PLLC
27 Union Square West, Suite 301
New York, NY 10003
Tel: (212) 882–1320
Fax: (917) 398-1487
E–mail: andrew@kgfirm.com

*Attorneys for Defendant Rocklove Jewelry LLC*

**IT IS SO ORDERED,**
this __3__ day of December, 2019.
New York, New York

_____
SARAH NETBURN
United States Magistrate Judge